(No. 33828.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN M. BOYDEN, Plaintiff in Error.

*Opinion filed March 22, 1956.*

I. Stanley Pinkett, of Chicago Heights, and Harry G. Fins, of Chicago, for plaintiff in error.

Latham Castle, Attorney General, of Springfield, and Frank H. Masters, State's Attorney, of Joliet, (Fred G. Leach, and Edwin A. Strugala, of counsel,) for the People.

Mr. Chief Justice Hershey delivered the opinion of the court:

The defendant, John M. Boyden, was convicted in the county court of Will County of the unlawful practice of dentistry. Ill. Rev. Stat. 1953, chap. 91, pars. 60, 70.

The trial was before the court on a three-count information, charging that on December 13, 1953, the defendant was the manager, proprietor, operator or conductor of an establishment known as Boyden Dental Laboratory where Sam Jonas, a person not licensed to practice dentistry, extracted a tooth from Roy Wurst (count I), offered to furnish, supply and construct a partial denture for Roy Wurst (count II), and constructed a partial denture for Roy Wurst (count III).

The charges were based on section 5 of the Dental Practice Act, which provides, *inter alia* as follows: "A per-

son practices dentistry within the meaning of this Act:
* * * (2) Who is a manager, proprietor, operator or
conductor of a place where dental operations are performed;
* * *." (Ill. Rev. Stat. 1953, chap. 91, par. 60.) Section 16 of the act prescribes the penalties for practicing or
offering to practice dentistry without being licensed. Ill.
Rev. Stat. 1953, chap. 91, par. 70.

The trial court found the defendant guilty on all three
counts. He was sentenced to a term of one year in the
county jail on count I and fined $1000 on each of the
other two counts.

On writ of error to the Appellate Court, Second District, the judgment was affirmed. See 7 Ill. App.2d 87.

The defendant contends the evidence is insufficient for
conviction. He further insists, however, the trial court
erred in sentencing him on all three counts, since each
count charged the same offense and only one penalty could
therefore be imposed.

As to the first contention, the sufficiency of the evidence, we adopt the opinion of the Appellate Court, where
the evidence is fairly summarized and the issue correctly
decided.

But we believe the trial court did err in sentencing the
defendant on all three counts. The information charges
but one crime, namely, being a manager, proprietor, operator or conductor on December 14, 1953, of an establishment where dental operations were performed. Each count
is merely a particularization of the one crime, not the statement of a separate offense. To show this we need only
refer to the applicable statutes, sections 5 and 16 of the
Dental Practice Act.

Section 16 provides that "any person who shall practice
or offer to practice dentistry in this State without being
licensed for that purpose, * * * shall, upon conviction,
be fined by any sum not less than two hundred dollars
($200.00) nor more than one thousand dollars ($1,000.00),

or imprisoned in the county jail for not less than one month nor more than one year, or both so fined and imprisoned in the discretion of the court." Section 5, which is divided into ten subsections, specifies what constitutes the practice of dentistry. Among those who are said to be practicing dentistry is one who extracts a human tooth or teeth, subsection (5), who performs dental operations of any kind, subsection (3), and who is a manager, proprietor, operator or conductor of a place where dental operations are performed, subsection (2).

In this case, the defendant is not charged with extracting a tooth from Roy Wurst or with offering to construct or constructing a partial denture for him. Rather, he is charged with being the manager, proprietor, operator or conductor of a place where Sam Jonas, who did not have a license, did those things. Thus, while it may be that Jonas committed separate offenses on December 13, 1953, it is clear that the defendant did not. The use of the plural, "dental operations," further indicates that each operation made on a particular date would not constitute a separate offense by the one who is alleged to be the manager, etc., of the establishment on that date.

We conclude, therefore, that the evidence is sufficient to sustain a conviction of unlawful practice of dentistry, but the cause must be remanded to the trial court for the imposition of a proper sentence.

The judgment of the Appellate Court is affirmed in part and reversed in part, and the cause is remanded to the county court of Will County with directions to vacate the judgment and enter a judgment not inconsistent with the views expressed in this opinion.

*Affirmed in part and reversed in part and remanded.*